**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MELISSA BARON, OLIVIA ENLOE,
MARCO LERRA, JOHN PELS, ALEXIS
MULLEN, NICHOLAS YEOMELAKIS,
and THOMAS MACNISH,

        Plaintiffs,

v.

SYNIVERSE CORPORATION,

        Defendant.

Case No. 8:21-cv-02349-SCB-SPF

**DECLARATION OF DEFENDANT SYNIVERSE CORP. IN SUPPORT OF DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

    1.    My name is John P. Wick, Jr. I am over eighteen (18) years of age.

    2.    I currently work as the Chief Technology Officer for Syniverse Corporation ("Syniverse") and have worked at Syniverse for over 26 years, including at GTE Telecommunication Services (which became Syniverse).

    3.    I am familiar with the events giving rise to this lawsuit filed against Syniverse, namely, the unauthorized access described in the Definitive Proxy Statement, filed on January 7, 2022 (the "Data Incident").

    4.    Through my role at Syniverse, I am familiar with Syniverse's record-keeping systems and practices, as well as the business procedures and policies of Syniverse with respect to its business records. As a result, I am familiar with the business records and information referenced herein, specifically the Proxy Statement.

    5.    I make this statement based upon my personal knowledge of the facts stated herein or upon a review of Syniverse's books and records. Syniverse's books and records are kept in the regular course of business by Syniverse, are made at or near the time by, and from information transmitted by, persons with personal knowledge of the facts reflected in the books and records, and are in the custody,

supervision and control of Syniverse. It is the regular practice of Syniverse to make and keep these books and records.

6. As set forth in the Proxy Statement, in late May 2021, Syniverse learned of the Data Incident because unauthorized activity appeared to be originating from Syniverse's Electronic Data Transfer ("EDT") environment. The Data Incident was primarily limited to Syniverse's EDT environment and several discrete databases.

7. The EDT environment is a file transfer platform that is used to facilitate the exchange of roaming records between Syniverse and its customers. In this environment, *all* data transfers between Syniverse and its customers are made on a batch file basis.

8. No person-to-person (or "P2P") SMS text messages are in the EDT environment, nor is the content of any such text messages in the EDT records.

9. EDT records consist of data for calls made or received while roaming. It includes the phone number that placed a call, the phone number that received a call, and the duration of a call. It does not include messaging traffic or any other real-time data transmissions. The information is not associated with -- and does not include -- any individual's name or any other information identifiable to any individual or device.

10. None of the Syniverse databases known to be accessed during the Data Incident contained any individual's names, social security numbers (whole or partial), birth dates, or any individual's financial information. None of the data was identified to any specific individual.

11. No person-to-person (or "P2P") SMS text messages were in the databases known to be accessed during the Data Incident, nor was the content of any such text messages in the databases.

12. Syniverse cannot identify any particular individuals from the data that may have been accessed in the Data Incident.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2022.

John P. Wick, Jr.

#154329365_v1